FILED
98 JUL -7 PM 12:09
OHIO
DAYTON

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

PHILIP BARTLING, et al., :

Plaintiffs, :

Case No. C-3-88-200

vs. :

CHIEF JUDGE WALTER HERBERT RICE

FRUEHAUF CORPORATION, :
et al., :

Defendants. :

---

OPINION RECOMPUTING AMOUNT OF PENALTY AFTER REMAND FROM THE SIXTH CIRCUIT; FURTHER PROCEDURES ESTABLISHED

---

This case arose under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001 et seq. During the course of this litigation, the Court dismissed all of the Plaintiffs' claims, except their request that, pursuant to 29 U.S.C. § 1024(b)(4) and § 1132(c)(1)(B),[1] the Court impose a penalty upon the Defendants for their failure to furnish certain documents

---

[1]Section 1024(b)(4) provides that, upon request, an administrator must furnish certain types of documents to a participant or a beneficiary. Section 1132(c)(1)(B) provides that a court may, in its discretion, impose a penalty of up to $100 per day upon an administrator who fails to provide such documents.

when requested.[2] The Court concluded that such a penalty should be imposed upon the Defendants. On February 10, 1993, it found the appropriate penalty to be $25,200, and directed that judgment be entered in favor of the Plaintiffs and against the Defendants in that sum. See Doc. # 93. Both the Plaintiffs and the Defendants appealed the Court's judgment to the Sixth Circuit Court of Appeals. That court affirmed in part, reversed in part and remanded. Bartling v. Fruehauf Corp., 29 F.3d 1062 (6th Cir. 1994). Of particular present importance, the Sixth Circuit held that the Defendants were obligated to provide the latest actuarial valuation Report ("Report") and the written Calculation Procedure, but not until the Plaintiffs had furnished written authorization.[3] Id. at 1069-72. The appellate court, therefore, remanded this litigation, with the directive to this Court to recompute the amount of an appropriate penalty, in light of its decision. Id. at 1073. Subsequently, this Court set a briefing schedule (see Doc. #122), with which the parties have complied. See Docs. ##123-25.

Herein, the Court recomputes the penalty, starting with the previously assessed sum ($25,200), and then deciding by what amount that sum should be increased, because the Defendants did not disclose the Report and the Calculation Procedure, and by what amount the resultant sum must be reduced, because the Defendants were not required to furnish any documents until the Plaintiffs had provided written authorizations. As a means of

---

[2]The Plaintiffs' also requested an award of costs, including reasonable attorneys' fees, which has not been ruled upon.

[3]This Court had reached the opposite conclusion on each of those three issues.

analysis, the Court will address the Report first, followed by the Calculation Procedure and the written authorizations. However, before turning to that undertaking, the Court will briefly review the methodology it previously used to compute the penalty, a methodology affirmed by the Sixth Circuit.

The Plaintiffs requested penalties pursuant to 29 U.S.C. § 1132(c)(1)(B), which, throughout this litigation, has provided:[4]

> (1) Any administrator ... (B) who fails or refuses to comply with a request for any information which such administrator is required by this subchapter to furnish to a participant or beneficiary (unless such failure or refusal results from matters reasonably beyond the control of the administrator)[,] by mailing the material requested to the last known address of the requesting participant or beneficiary within 30 days after such request[,] may in the court's discretion be personally liable to such participant or beneficiary in the amount of up to $100 a day from the date of such failure or refusal, and the court may in its discretion order such other relief as it deems proper.

In its Decision of February 10, 1993, this Court concluded that it was appropriate to impose a penalty on a $100 per day basis, for all Plaintiffs as a group, for each of the types of documents the Defendants had improperly failed to disclose, regardless of how many Plaintiffs had requested any particular type of document. Upon appeal, the Plaintiffs argued that this Court had abused its discretion in so setting the penalty. The Sixth Circuit rejected the Plaintiffs' argument, writing:

---

[4]Section 1132(c)(1) was amended by § 1(e)(2)(B) of the Health Insurance Portability and Accountability Act of 1996, P.L. 104-191. See 110 Stat. 1936, 1952-53. Those amendments did not become effective until June 30, 1997, id. at 1953, and, therefore, do not apply herein.

> Plaintiffs correctly point out that the purpose of [§ 1132(c)(1)(B)] was to induce administrators to timely provide participants with requested plan documents, and to penalize failures to do so. From this premise, they argue that the district court's refusal to award the statutory penalty for each individual plaintiff violates both the spirit and the letter of the statute. In their view, the court's refusal implied that "plan participants are not to be viewed as separate individuals," and that "violating the ERISA rights of 78 participants is no more significant than violating the ERISA rights of one participant." Plaintiffs' Opening Br. at 22. They further contend that the district court's refusal penalized Plaintiffs for joining together.
>
> We disagree. Many courts have refused to impose any penalty at all under § 1132(c)(1)(B) in the absence of a showing of prejudice or bad faith. See, e.g., Rodriguez-Abreu v. Chase Manhattan Bank, N.A., 986 F.2d 580, 588-89 (1st Cir. 1993); Godwin v. Sun Life Assurance Co. of Canada, 980 F.2d 323, 328-29 (5th Cir. 1992). The court below made it very clear that, in light of Defendants' good faith and the lack of prejudice to Plaintiffs, it was imposing a penalty only because of the number of Plaintiffs that were involved. Thus, the lower court was expressly rewarding Plaintiffs for joining together.
>
> Moreover, the result is no different than if the court had exercised its discretion to award $323 per plaintiff, or $1.28 per plaintiff/per document/per day, rather than $100 per document/per day to be split between all the plaintiffs. Given that the court below would have been acting within its discretion if it had imposed no penalty at all on Defendants, Plaintiffs cannot plausibly argue that $1.28 per document/per day is so small an amount that the penalty constitutes an abuse of discretion. In short, there is no abuse of discretion here.

29 F.3d at 1068-69. This Court interprets that passage as an indication that it retains the discretion to assess whatever additional penalty is appropriate as a result of the non-disclosure of the Report and the Calculation Procedure. In their post-remand memoranda, the parties agree that the amount of the penalty to impose, because of said non-disclosure, resides within this Court's discretion.[5]

---

[5]The Sixth Circuit also held that the Defendants were not required to provide any documents until the Plaintiffs had furnished written authorizations. In its Decision of February 10, 1993 (Doc. #93), this Court reached the opposite conclusion and imposed a penalty based upon the date upon which Plaintiffs'

1. The Actuarial Valuation Report

In its Decision of February 10, 1993 (Doc. #93), this Court found that the Defendants had not acted in bad faith and that Plaintiffs had not suffered any prejudice as a result of the Defendants' failure to provide the requested documents, which included the Report. Upon appeal, those findings of fact were not disturbed. The Plaintiffs contend that the Defendants failed to disclose the Report for a period of 356 days (October 31, 1987 until October 21, 1988). Therefore, using the methodology that this Court has previously employed for documents other than the Report (i.e., imposing a penalty of $100 per day, for all Plaintiffs as a group), the Plaintiffs contend that the appropriate penalty for this failure to disclose is $35,600 (356 days times $100 per day). See Doc. #123 at 4. Based upon the factual findings contained in its Decision of February 10, 1993, the Court agrees with the Plaintiffs that the Defendants were in default from October 31, 1987 (30 days after they received the Plaintiffs' written authorizations) until October 21, 1988 (when the Report was furnished). See Doc. #93 at 7-11. Moreover, since 1988 was a leap year, the period of default was 356 days.

The Defendants do not challenge that computation; rather, they argue that the Court should impose no additional penalty for their failure to disclose

---

counsel requested information, rather than upon the date on which the Defendants were provided written authorizations for same. Since the Plaintiffs requested the documents before they had provided the written authorizations, the Court will be required to reduce the previously imposed penalty. As is explained below, the parties agree that the amount of the reduction is $15,000. The Sixth Circuit's opinion has been quoted in order to highlight the discretion this Court retains to determine the appropriate additional penalty to impose, because the Defendants failed to provide the Report and the Calculation Procedure.

the Report. In support of their argument, the Defendants rely, by analogy, upon Chevron Oil v. Huson, 404 U.S. 97 (1971), in which the Supreme Court established the factors which a court should consider when deciding whether to apply a new rule of law retroactively. The Defendants concede, as they must, that the law of the case, as established by the Sixth Circuit, is that they were obligated to provide the Report. Consequently, they do not argue that this Court should decline to apply the Sixth Circuit's decision retroactively. Rather, the Defendants request that this Court exercise its discretion and refuse to impose a penalty for their failure to provide the Report, because it was not clear, until the Sixth Circuit issued its decision in this litigation, that they were obligated to furnish same. In response, the Plaintiffs argue that this Court should impose a penalty upon the Defendants for their failure to provide the Report, because ERISA has a policy of self-policing by plan participants and beneficiaries. This Court, the argument continues, would further the policy of self-policing by imposing a penalty upon the Defendants, since that would encourage plan administrators to furnish requested information.

This Court agrees with the Defendants that the law was not settled until the Sixth Circuit issued its decision. Indeed, that court noted that "whether actuarial reports must be disclosed upon request under § 1024(b)(4) appears to be an issue of first impression at the appellate level." 29 F.3d at 1070. Unlike the documents whose non-disclosure served as the basis for the previously imposed penalty, § 1024(b)(4) did not expressly require the disclosure of the Report. To reach its conclusion that such disclosure was required, the Sixth Circuit engaged in statutory interpretation and applied the rule that courts should favor disclosure. Id. at 1070-71. In its Decision of

February 10, 1993 (Doc. #93), this Court assessed a $100 per day penalty for certain documents, other than the Report, which the Defendants had failed to furnish. Since the Court concluded that disclosure of the Report was not required by § 1024(b)(4), it did not impose any penalty upon the Defendants for the non-disclosure of that document. Even though the Sixth Circuit has concluded that the Defendants were obligated by § 1024(b)(4) to furnish the Report, it would not be appropriate to impose the same $100 per day penalty, as the Court has previously assessed for the non-disclosure of other documents, since § 1024(b)(4) expressly required the disclosure of those other types of documents, while that statute did not expressly require the disclosure of an Actuarial Valuation Report. However, the Court cannot agree with the Defendants that the unsettled state of the law is a sufficient reason not to impose <u>any</u> penalty. The Sixth Circuit's opinion resonates about the spirit of disclosure under ERISA, to wit: that full disclosure is necessary and proper. For instance, when addressing the Report, the Sixth Circuit said that. "all other things being equal, courts should favor disclosure ..." <u>Id</u>. at 1070. By imposing some penalty upon the Defendants, this Court will foster that spirit, by encouraging administrators to adopt the attitude of full disclosure, even when no court has expressly held that a particular document must be disclosed under § 1024(b)(4).

Based upon the foregoing, this Court concludes that $50 per day is an appropriate penalty. Accordingly, the Court imposes a penalty in the amount of $17,800 (356 days times $50 per day), because the Defendants did not provide the Report after having received written authorizations for same.

2. Calculation Procedure

During a November 11, 1987, telephone call between counsel for the parties, Plaintiffs' counsel requested that the Defendants furnish worksheets used to calculate each Plaintiff's benefit. In its Decision of February 10, 1993, this Court held that the failure to furnish the worksheets was not a violation of the disclosure provision of ERISA, because those documents did not exist. See Doc. #93 at 17-18. Based upon its review of the Calculation Procedure, the Sixth Circuit found that the Defendants "either knew or should have known that they were obligated to furnish it [the Calculation Procedure] in response to the Plaintiffs' request." 29 F.3d at 1071. The Plaintiffs contend that the Court, using the methodology it previously employed for the non-disclosure of documents other than the Report and the Calculation Procedure (i.e., imposing a penalty of $100 per day, for all Plaintiffs as a group), should impose a penalty in the sum of $31,500 (315 days times $100 per day). See Doc. #123 at 5. The Court concurs with the Plaintiffs' arithmetic, and the Defendants do not challenge same.[6] The Defendants do, however, argue that no penalty should be imposed, since the Plaintiffs did not ever expressly request the Calculation Procedure.

The Court finds that the Defendants did not act in bad faith and that the Plaintiffs did not suffer prejudice as a result of the failure to furnish the

---

[6]The worksheets (which the Sixth Circuit found to be the equivalent of the Calculation Procedure) were requested on November 11, 1987, and the Calculation Procedure was provided October 21, 1988. The Defendants were obligated to furnish that document on December 11, 1987, 30 days after it had been requested. Since 1988 was a leap year, there were 315 days between December 11, 1987 and October 21st of the following year.

Calculation Procedure. In the absence of bad faith or prejudice, this Court concludes that, under the circumstances of this case, it would not be appropriate to impose any penalty upon the Defendants for this default. The Defendants did not intentionally refuse to provide the Calculation Procedure in response to Plaintiffs' express request for same; rather, they neglected to furnish same because of their negligence, i.e., as the Sixth Circuit found, the Defendants knew or should have known that they were obligated to provide the Calculation Procedure in response to the Plaintiffs' request for worksheets. This Court will not exercise its discretion to impose a penalty pursuant to § 1132(c)(1)(B), where the competent producing cause of the administrator's failure to provide a particular document was its negligence (not its bad faith) in not knowing that said document should be furnished in response to a request for a completely different document, particularly in the absence of demonstrated prejudice to the Plaintiffs.[7]

---

[7]At the time that the Plaintiffs requested the Report, the law did not clearly require the disclosure of Actuarial Valuation Reports. Therefore, one might argue that it is inconsistent to impose a penalty upon the Defendants for their non-disclosure of the Report, while declining to impose a penalty for their failure to provide the Calculation Procedure. This Court would reject such an argument, since the requests for the Report and the worksheets differ. Unlike the Calculation Procedure, the Plaintiffs expressly requested the Report. The Defendants intentionally declined to furnish the Report because they believed that they were not statutorily obligated to do so. By imposing a penalty for the failure to disclose the Report, the Court will foster the full disclosure policy of ERISA, which the Sixth Circuit relied upon to conclude that the Defendants were required to disclose the Report. See 29 F.3d at 1070. In contrast, the Defendants did not disclose the Calculation Report because they negligently failed to interpret the Plaintiffs' requests for worksheets as seeking the Calculation Procedure. There is a difference between the intentional refusal to provide a document because one takes a narrow view of the requirements for disclosure imposed by ERISA, on one hand, and a negligent failure to disclose, which is caused by a misunderstanding as to the nature of the document being requested, on the other.

3. Written authorizations

This Court originally held that, in response to a request from Plaintiffs' counsel, the Defendants were obligated to provide the requested documents, despite the fact that the Plaintiffs had not furnished written authorizations. The Sixth Circuit disagreed and held that the Defendants' duty to disclose did not arise until they had received such. See 29 F.3d at 1071-72. The parties agree that, as a consequence of the appellate court's decision, the amount of the penalty this Court had previously imposed must be reduced by $15,000. See Plaintiffs' Memorandum Relating to Impact of Appeals' Court Decision (Doc. #123) at 3; Defendants' Memorandum on Remand (Doc. #124) at 3. This Court agrees with the parties' computations and, accordingly, will reduce the previously imposed penalty by $15,000.

In sum, the Court previously imposed a penalty in the sum of $25,200. Herein, the Court has imposed an additional penalty in the amount of $17,800, for the failure to disclose the Report, and has reduced the previous penalty by $15,000, as a result of the appellate court concluding that no duty to disclose existed until Plaintiffs had provided written authorizations seeking the documents at issue. Accordingly, the Defendants are liable for a penalty in the sum of $28,000.

The final issue before the Court is costs, including reasonable attorneys' fees. In its Entry of October 16, 1995, the Court noted that the issue of such fees was not yet ripe. See Doc. #122 at 3. The Court directs Plaintiffs to serve their application for costs and fees on the Defendants, within 30 days of date. The parties are ordered to confer in an effort to resolve that question, as

quickly as possible thereafter. If a voluntary resolution is not possible, the Plaintiffs must file their application costs and fees within 30 days of the service of same. The parties may thereafter brief the issue in accordance with Local Rule 7.2(a)(2), to wit: the Defendants' memorandum must be filed within 21 days of the filing of the Plaintiffs' application and the Plaintiffs' reply memorandum must be filed within 11 days of the filing of the Defendants' submission.

Walter Herbert Rice

WALTER HERBERT RICE, CHIEF JUDGE
UNITED STATES DISTRICT COURT

Copies to:

Ronald L. Kahn, Esq./Stephen A. Markus, Esq.
Ken C. Kotecha, Esq.
Jeffrey G. Heuer, Esq./Alexander B. Bragdon, Esq.
Brian G. Shannon, Esq./Thomas H. Williams, Esq.